# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
Case No. _____ – Civ

**Charisse Sands**

Plaintiff,

Vs.

**Robert Half International, Inc.**

Defendant.

_____/

# COMPLAINT

Plaintiff, Charisse Sands, ("Plaintiff" or "Sands") through counsel files suit against Defendant, Robert Half International, Inc. ("Defendant" or "RHI") and hereby avers as follows:

## JURISDICTION

1. The jurisdiction of the Court over matters in this Complaint is founded upon 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

2. Sands is a US Citizen and resides in Broward County, Florida.

3. Robert Half International, Inc. is a Delaware Corporation with its principal office located in Menlo Park, California but with offices located throughout Florida.

4. At all material times, Sands worked for RHI in their Miami-Dade County office.

## VENUE

5. The facts related in this Complaint occurred throughout Florida and while Plaintiff was an employee of Defendant and living within in the Southern District of Florida; therefore, venue is appropriate in this Court.

## ADMINISTRATIVE EXHAUSTION

6. On or about September 4, 2020, Sands filed a EEOC Charge docketed as 510-2020-05626

alleging discrimination based on her gender (Title VII), Retaliation, Discrimination based upon a Disability, and See Exhibit A.

7. Sands cross-filed that charge with the Florida Commission on Human Relations.

8. On or about March 18, 2021, the EEOC issued a Right to Sue letter. Exhibit B.

## Factual Background

9. Charisse Sands ("Sands") is an African-American female and afforded protections pursuant to the United States Civil Rights Act, Title VII as well as the Florida Human Rights Act and is over the age of 40.

10. Robert Half Legal ("RHL") is an international legal placement firm with offices located throughout Florida.

11. Sands began working for RHL in 2010 in their Miami office.

12. In 2011, Sands was awarded the RHL Rookie of the Year Award for her stellar performance in recruitment and placement of legal professionals within the legal industry.

13. In 2018 she was recognized as having the second fastest growing division in the world with RHL, awarding her the coveted distinction of "President's Club" member.

14. That same year she was named to the "Million Dollar Club", an elite club for high revenue generating employees.

15. As a result of Sands performance, she was one of 25 individuals selected to attend RHL's Leadership Summit in 2019, a program designed to foster advanced skills for directors on a path to advanced leadership.

16. However, in 2018 RHL placed Tony Trombetta ("Trombetta"), a white male, as the Regional Manager which encompassed Sands' branch in Coral Gables.

17. Almost a year into Trombetta's tenure, Sands attended a meeting with Charles A. Volkert ("Volkert"), District President, to discuss Trombetta's mismanagement of the Coral Gables team.

18. Specifically, she advised Volkert that Trombetta routinely did not work on Mondays and Fridays in violation of company policy and that he was violating the sales tracking rules which affected Sands' team's bonuses.

19. Soon after Sands' meeting with Volkert, Trombetta began to employ tactics to sabotage Sands' production and leadership.
20. This retaliation directly impacted Sands' ability to generate revenue.
21. For instance, he refused to take action against an individual who was intimidating recruiters to not work on Sands' orders.
22. Further, when Sands determined that one of the workers was underperforming and was not going to improve, Trombetta refused to authorize Sands' to terminate the underperforming worker.
23. This worker's inability to perform directly correlated to Sands sales metrics dropping.
24. Trombetta then scuttled Sands ability to advance within RHL by advising her that she should become an individual producer as she was not going to have any more opportunities for elevated leadership for at least two years. This move resulted in Sands not being eligible for promotion and also directly impacted her earnings potential.
25. Shortly after, a white male, Jose Silva "Jose" was hired as a Division Director to manage 1 team member that formerly reported to Sands. A few weeks after starting it was revealed he would be managing both team members that were previous reporting to Sands.
26. Weeks into his hiring, Jose was given the authority by Trombetta to fire both employees that previously reported to Sands without cause or warning. This included the underperforming employee that Sands wanted to terminate but Trombetta refused to permit.
27. The termination of these employee resulted in Sands' being left with only 1 newly hired employee to attempt to assist in recruiting.
28. In addition, Sands had been going through a divorce. Her personal issues began before Trombetta was assigned as Regional Manager when Sands had one of the top producing teams. However, upon finding out about Sands' pending divorce, Trombetta told Sands that she should work from home "to take care of her baby." Sands was shocked at the comment as she had never once requested any sort of accommodation or change in her work due to her divorce.
29. Dissatisfied that Sands declined to work from home, Trombetta then wanted to take Sands desk away to force her to work from home; requiring that she submit a request to the team admin and get permission to come to the office.

30. However, throughout all of this, Sands stood up for herself and reported issues with coworkers and working conditions.
31. Rather than take action, Sands was labeled a "difficult personality" by Trombetta.
32. Sands production numbers dropped due to internal attempts to sabotage her orders, stealing clients and RHL's failure to address the issues that Sands continuously raised. Issues that were reported and RHL failed to act.
33. Sands was eventually advised that her production was down. Sands tried to address the issues that the metrics were misleading, and her numbers were down through no fault of her own but due to perceived racial biases among team members and co-workers sabotaging her efforts.
34. Again, Sands concerns were ignored, and she was terminated.
35. Following her termination, Jose, who was hired to fill her previous position was elevated to a leadership position. The same position that Trombetta had stated Sands would not be eligible for 2 years.
36. Further, Sands had recommended an employee who engaged in hostile behavior for discipline but was repeatedly ignored. This employee's behavior impacted Sands performance and thus, the numbers that RHL used to justify Sands termination. However, after Sands was fired, a white team member had complained about the same behavior resulting in this hostile employee's immediate firing.
37. It is clear that RHL permitted racial biases and gender biases to infiltrate the decision making that led to her termination.

### COUNT I
### Title VII of the Civil Rights Act of 1964
### Gender Discrimination

38. Paragraphs 9-37 are reincorporated as if fully set forth herein.
39. Sands is a member of a protected class as a female.
40. Defendant was an employer subject to Title VII.
41. Sands satisfactorily performed the duties required by her position prior to Trombetta becoming Regional Manager.

42. Sands was treated different in that she was stripped of her recruitment team, labeled as hostile and difficult to work with.  Meanwhile males were listened to and when they complained about a the same hostile employee that Sands did, the hostile employee was terminated.

43. Further, Sands was told that there was no chance at a leadership position.  However, as soon as she was fired, a male was given the leadership position that Sands was told was not available.

Wherefore, Plaintiff respectfully requests that this Honorable Court award all remedies and damages permitted under Title VII including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest and any other relief this Court deems just and proper.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### Retaliation

44. Paragraphs 9-37  are reincorporated as if fully set forth herein.

45. Sands engaged in protected activity by reporting issues with Trombetta to human resources and a district manager.

46. Sands also reported rascist behavior exhibited by other RHI employees.

47. Defendant knew or should have known that Sands was asserting a protected right.

48. As a result of Sands seeking recourse and reporting behavior that violated RHI's policies, RHI retaliated against her by terminating her employment.

49. Sands has suffered damages including, but not limited to, the loss of her employment, financial damages, harm to her reputation, and emotional distress.

Wherefore, Plaintiff respectfully requests that this Honorable Court award all remedies and damages permitted under Title VII including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest and any other relief this Court deems just and proper.

### COUNT III
### Title VII of the Civil Rights Act of 1964
### Race Discrimination

50. Paragraphs 9-37 are reincorporated as if fully set forth herein.

51. Sands is a member of a protected class as an African American.

52. Defendant was an employer subject to Title VII.

53. Sands satisfactorily performed the duties required by her position prior to Trombetta becoming Regional Manager.

54. Sands was treated different in that she was stripped of her recruitment team, labeled as hostile and difficult to work with. Meanwhile non African-American males were listened to and when they complained about a the same hostile employee that Sands did, the hostile employee was terminated.

55. Further, Sands was told that there was no chance at a leadership position. However, as soon as she was fired, a non African-American was given the leadership position that Sands was told was not available.

56. Further, Trombetta and RHI frequently resorted to stereotypical labels to describe Sands such as difficult and aggressive.

Wherefore, Plaintiff respectfully requests that this Honorable Court award all remedies and damages permitted under Title VII including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest and any other relief this Court deems just and proper.

## COUNT IV
### Title VII of the Civil Rights Act of 1964
### Discrimination on the Basis of Color

57. Paragraphs 9-37 are reincorporated as if fully set forth herein.

58. Sands is a member of a protected class in that her skin tone is dark and not normally associated with Caucasian skin tones.

59. Defendant was an employer subject to Title VII.

60. Sands satisfactorily performed the duties required by her position prior to Trombetta becoming Regional Manager.

61. Sands was treated different in that she was stripped of her recruitment team, labeled as hostile and difficult to work with. Meanwhile employees with lighter skin tones were listened to and when they complained about the same hostile employee that Sands did, the hostile employee was terminated.

62. Further, Sands was told that there was no chance at a leadership position. However, as soon as she was fired, an employee with a lighter skin tone was given the leadership position that Sands was told was not available.

Wherefore, Plaintiff respectfully requests that this Honorable Court award all remedies and damages permitted under Title VII including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest and any other relief this Court deems just and proper.

## COUNT V
### Violation of the Age Discrimination in Employment Act of 1967

63. Paragraphs 9-37 are reincorporated as if fully set forth herein.

64. Sands is a member of a protected class as she is over the age of 40.

65. Defendant was an employer subject to Title VII.

66. Sands satisfactorily performed the duties required by her position.

67. Sands was treated different in that she was stripped of her recruitment team and eventually terminated.

68. Further, Sands was told that there was no chance at a leadership position. However, as soon as she was fired, a younger male was given the leadership position that Sands was told was not available.

69. Younger employees were often provided additional support and resources that was routinely denied to Sands.

Wherefore, Plaintiff respectfully requests that this Honorable Court award all remedies and damages permitted under the Age Discrimination in Employment Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest and any other relief this Court deems just and proper.

## COUNT VI
## Florida Civil Rights Act
## Retaliation

70. Paragraphs 9-37 are reincorporated as if fully set forth herein.

71. Sands engaged in protected activity including by reporting behavior, including racist comments, which violated RHI's policies.

72. Shortly after the protected activity, Sands suffered materially adverse actions by being terminated.

73. A causal connection exists between the protected activity and the materially adverse actions including, but not limited to, a close temporal proximity and ongoing antagonism against Sands.

74. There was no justification for these adverse actions and any justification provided was a pretext for retaliation.

75. As a result of Defendants' retaliatory conduct, Sands has suffered damages including, but not limited to, the loss of her employment, financial damages, harm to her reputation, and emotional distress.

WHEREFORE, Sands respectfully requests that this Honorable Court enter judgment in her favor and award all remedies and damages permitted under the Florida Civil Rights Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT VII
## Florida Civil Rights Act
## Discrimination on the Basis of Race

76. Paragraphs 9-37 are reincorporated as if fully set forth herein.

77. Sands is a member of the protected class.

78. Defendant is an employer for purposes of the Florida Civil Rights Act.

79. Sands was qualified for her position.

80. Sands suffered an adverse employment action in the form of the termination of her employment.

81. These adverse actions occurred under circumstances giving rise to an inference of race discrimination.

82. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

83. As a result of Defendants' discriminatory conduct, Sands has suffered damages including, but not limited to, the loss of her employment, financial damages, harm to her reputation, and emotional distress.

WHEREFORE, Sands respectfully requests that this Honorable Court enter judgment in her favor and award all remedies and damages permitted under the Florida Civil Rights Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT VIII
### Florida Civil Rights Act
### Discrimination on the Basis of Color

84. Paragraphs 9-37 are reincorporated as if fully set forth herein.

85. Sands is a member of the protected class.

86. Defendant is an employer for purposes of the Florida Civil Rights Act.

87. Sands was qualified for her position.

88. Sands suffered an adverse employment action in the form of the termination of her employment.

89. These adverse actions occurred under circumstances giving rise to an inference of discrimination on the basis of her color.

90. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

91. As a result of Defendants' discriminatory conduct, Sands has suffered damages including, but not limited to, the loss of her employment, financial damages, harm to her reputation, and emotional distress.

WHEREFORE, Sands respectfully requests that this Honorable Court enter judgment in her favor and award all remedies and damages permitted under the Florida Civil Rights Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT IX
## Florida Civil Rights Act
## Discrimination on the Basis of Sex

92. Paragraphs 9-37 are reincorporated as if fully set forth herein.

93. Sands is a member of the protected class as she is over the age of 40.

94. Defendant is an employer for purposes of the Florida Civil Rights Act.

95. Sands was qualified for her position.

96. Sands suffered an adverse employment action in the form of the termination of her employment.

97. These adverse actions occurred under circumstances giving rise to an inference of age discrimination.

98. There was no justification for these adverse actions and any justification provided was a pretext for discrimination.

99. As a result of Defendants' discriminatory conduct, Sands has suffered damages including, but not limited to, the loss of her employment, financial damages, harm to her reputation, and emotional distress.

WHEREFORE, Sands respectfully requests that this Honorable Court enter judgment in her favor and award all remedies and damages permitted under the Florida Civil Rights Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest.

## COUNT X
## FLORIDA AGE DISCRIMINATION ACT

100. Paragraphs 9-37 are reincorporated as if fully set forth herein.

101. Sands is a member of a protected class as she is over the age of 40.

102. Defendant was an employer subject to Title VII.

103. Sands satisfactorily performed the duties required by her position.

104. Sands was treated different in that she was stripped of her recruitment team and eventually terminated.

105. Further, Sands was told that there was no chance at a leadership position. However, as soon as she was fired, a younger male was given the leadership position that Sands was told was not available.

106. Younger employees were often provided additional support and resources that was routinely denied to Sands.

Wherefore, Plaintiff respectfully requests that this Honorable Court award all remedies and damages permitted under the Age Discrimination in Employment Act including, but not limited to, backpay, front pay, emotional distress and reputation harm damages, punitive damages, attorney's fees, costs, and interest and any other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

**Grady Legal, PA**
Attorney for Plaintiff
1645 SE 3rd Ct. #204
Deerfield Beach, FL 33441
754.333.0313
/s/ Jacqueline A. Grady
Jacqueline A. Grady
FBN 635871
jackie@gradylegal.com
service@gradylegal.com