UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-22215-JEM/Becerra

Charisse Sands,

    Plaintiff,

v.

Robert Half International, Inc.,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME**

Defendant Robert Half International, Inc. ("Defendant" or "Robert Half"), by and through its counsel, hereby submits its response to Plaintiff's Motion for Extension of Time (the "Motion") (ECF No. 22). Defendant does not oppose Plaintiff's request to extend the remaining deadlines in this case as set forth in her Motion, *except for one deadline*: there is no justification for Plaintiff's request to extend the deadline for completion of *all* discovery.[1] In support thereof, Defendant states as follows:

    1.    Pursuant to the Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate (the "Scheduling Order") (ECF No. 7), the deadline to complete discovery in this case is June 16, 2022.

---

[1] On June 10, 2022, Defendant's counsel advised Plaintiff's counsel that Defendant did not oppose her request to extend the remaining case deadlines, including the trial date, due to her and her spouse's medical situation, with one exception: Defendant did oppose extending the discovery deadline for any purpose other than taking Plaintiff's deposition. Plaintiff's Rule 7.1(a)(3) certificate of good faith conference has failed to accurately describe Defendant's position with respect to her Motion.

2. On March 24, 2022, Plaintiff served her written discovery requests. Defendant timely served its responses and objections to Plaintiff's written discovery requests.

3. As of the date of this filing, Plaintiff has not scheduled or attempted to schedule any depositions, or served any additional written discovery requests.

4. According to Plaintiff's Motion, an emergency situation for Plaintiff's counsel arose on June 9, 2022. However, as of June 9, 2022 – one week before the discovery cut off – there were no pending discovery issues remaining that Plaintiff was unable to complete due to the situation described in her Motion. Indeed, there were no depositions that Plaintiff was seeking to schedule or any other pending discovery items. As such, neither Plaintiff's emergency on June 9, 2022, nor her medical procedure scheduled to take place on August 1, 2022, prevented Plaintiff from completing discovery by the original deadline on June 16, 2022.

5. While Defendant is sympathetic to Plaintiff's counsel's *current* situation, Plaintiff had ample opportunity to conduct discovery before her *current* situation materialized, as the discovery period in this matter has been open for over six (6) months. There is no good cause articulated in the Plaintiff's Motion addressing Plaintiff's inability to comply with the June 16, 2022 discovery deadline, nor does it describe what, if any, diligent efforts Plaintiff has undertaken to meet the original discovery deadline.

6. A scheduling order "maybe modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4*); see also Great Lakes Reinsurance (UK) PLC v. Unplugged, LLC*, No. 6:17-cv-2027, 2019 U.S. Dist. LEXIS 223876, at *8 (M.D. Fla. May 20, 2019) (denying defendant's motion for reconsideration and affirming denial of motion to compel depositions and extend discovery deadline because, among other reasons, defendant failed to show good cause for requested extension). "This good cause standard precludes modification

'unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Marquardt v. Ocean Reef Cmty. Ass'n*, No. 19-10110, 2021 U.S. Dist. LEXIS 68005, at *17 (S.D. Fla. Apr. 8, 2021) (denying motion to reopen discovery and extend discovery deadline) (*citing Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998)).

7. Plaintiff has not articulated, much less demonstrated any reason why she was unable to complete discovery prior to the original deadline. Furthermore, Plaintiff does not even specify what discovery Plaintiff planned to conduct but was unable to complete within the current discovery timeframe through no lapse in diligence on Plaintiff's part. Based on the foregoing, no good cause exists to grant Plaintiff's request to extend the discovery deadline by 120 days.

WHEREFORE, Defendant, Robert Half International Inc., respectfully requests that the Court deny Plaintiff's request to extend the discovery deadline.

Date: June 14, 2022

/s/ *Jurate Schwartz*
Jurate Schwartz
Florida Bar No. 0712094
Madonna Snowden
Florida Bar No. 124522
PROSKAUER ROSE LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431-7360
Tel: (561) 995-7400
Fax: (561) 241-7145
Primary: jschwartz@proskauer.com
Primary: msnowden@proskauer.com
Secondary: florida.labor@proskauer.com
*Attorneys for Robert Half International, Inc.*